# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CECIL THORNTON, CDCR #V-64547,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>CHRISTINE CAVALIN, CDCR Parole Agent; MARK JOSEPH, CDCR Parole Agent; JAMES TILTON, Former Director of CDCR; JOHN DOE SHANAHAN, CDCR Parole Agent,<br><br>　　　　　　　　　　　Defendants. | Civil No.   11cv2309 MMA (CAB)<br><br>**ORDER:**<br><br>**(1)  GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS***<br><br>**[ECF. No. 2]**<br><br>**AND**<br><br>**(2)  DISMISSING COMPLAINT AS FRIVOLOUS PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)** |

Plaintiff, a state prisoner proceeding pro se and currently incarcerated at the Correctional Training Facility ("CTF") in Soledad, California, has filed a civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff's Complaint, like at least three others he has filed in this Court in the past, seeks injunctive relief and damages from San Diego County parole officials and the former Director of the California Department of Corrections and Rehabilitation for enforcing conditions of parole which Plaintiff claim violate his rights to due process, equal protection, freedom of association and to be free from cruel and unusual punishments. (Compl., ECF No. 1, at 2-5.)

Plaintiff has not prepaid the civil filing fee required by 28 U.S.C. § 1914(a); instead, he has submitted a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).[1]

## I.     Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, "[u]nlike other indigent litigants, prisoners proceeding IFP must pay the full amount of filing fees in civil actions and appeals pursuant to the PLRA [Prison Litigation Reform Act]." *Agyeman v. INS*, 296 F.3d 871, 886 (9th Cir. 2002). As defined by the PLRA, a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). Because Plaintiff is currently incarcerated at

---

[1] Plaintiff has previously been denied leave to proceed IFP on grounds that he has, while incarcerated, had three prior civil actions or appeals dismissed because they were frivolous, malicious or failed to state a claim. *See* 28 U.S.C. § 1915(g); *Thornton v. Harris, et al.,* S.D. Cal. Civil Case No. 11-1558 H (RBB) (July 18, 2011 Order denying IFP as barred by 28 U.S.C. § 1915(g) and Dismissing Case) (ECF No. 3); *Thornton v. Harris, et al.,* S.D. Cal. Civil Case No. 11-1525 WQH (BGS) (July 25, 2011 Order denying IFP as barred by 28 U.S.C. § 1915(g) and Dismissing Case) (ECF No. 6); *Thornton v. Cavalin*, et al., S.D. Cal. Civil Case No. 11-1484 IEG (POR) (July 15, 2011 Order denying IFP as barred by 28 U.S.C. § 1915(g) and Dismissing Case) (ECF No. 3), and *Thornton v. Oliver*, S.D. Cal. Civil Case No. 11-1367 BEN (BLM) (July 18, 2011 Order denying IFP as barred by 28 U.S.C. § 1915(g) and Dismissing Case) (ECF No. 3). In all these cases, this Court found that three of Plaintiff's previous cases, *Thornton v. Neotti, et al.,* S.D. Cal. Civil Case No. 10-1677 LAB (BGS), *Thornton v. Schwarzenegger, et al.,* S.D. Cal. Civil Case No. 10-1583 RBB, and *Thornton v. Cate, et al.,* S.D. Cal. Civil Case No. 10-1585 JLS (PCL), constituted "strikes" under 28 U.S.C. § 1915(g); therefore, Plaintiff was precluded from proceeding without full payment of civil filing fees. The Ninth Circuit has subsequently held, however, that "a dismissal [doesn't] ripen into a 'strike' for § 1915(g) purposes," until "the date of the Supreme Court's denial or dismissal of a petition for writ of certiorari, if the prisoner filed one, or from the date when the time to file a petition for writ of certiorari expired, if he did not." *Silva v. Di Vittorio*, 658 F.3d 1090, 1100 (9th Cir. 2011) (internal quotation and citation omitted). Until Plaintiff's previously held "strikes" are final under *Silva*, he may be permitted to proceed IFP in this case, so long as he satisfies 28 U.S.C. § 1915(a) and (b). His Complaint, however, is nevertheless still subject to the sua sponte screening required by both 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

1 | CTF, he is a prisoner as defined by 28 U.S.C. § 1915(h), and therefore subject to the PLRA's
2 | requirements and limitations. *Ageyman*, 296 F.3d at 886.

3 | Under 28 U.S.C. § 1915, as amended by the PLRA, a prisoner seeking leave to proceed
4 | IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent)
5 | for the prisoner for the six-month period immediately preceding the filing of the complaint." 28
6 | U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified
7 | trust account statement, the Court must assess an initial payment of 20% of (a) the average
8 | monthly deposits in the account for the past six months, or (b) the average monthly balance in
9 | the account for the past six months, whichever is greater, unless the prisoner has no assets. *See*
10 | 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner
11 | must collect subsequent payments, assessed at 20% of the preceding month's income, in any
12 | month in which the prisoner's account exceeds $10, and forward those payments to the Court
13 | until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

14 | Plaintiff has submitted a certified copy of his trust account statement pursuant to 28
15 | U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. *Andrews*, 398 F.3d at 1119. The trust account
16 | statement shows Plaintiff's significant financial obligations related to previous litigation, court-
17 | imposed restitution, and no currently available funds with which he could satisfy any initial
18 | partial filing fee. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be
19 | prohibited from bringing a civil action or appealing a civil action or criminal judgment for the
20 | reason that the prisoner has no assets and no means by which to pay [an] initial partial filing
21 | fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve"
22 | preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack
23 | of funds available.").

24 | Therefore, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF No. 2), and
25 | assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350
26 | balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court
27 | pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).
28 | / / /

## II.   SUA SPONTE SCREENING PER 28 U.S.C. § 1915(e)(2) AND § 1915A

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, courts "have an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). The court may not, however, "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*

In his Complaint, Plaintiff seeks damages and injunctive relief against three state parole officials and the former Director of the California Department of Corrections and Rehabilitation on grounds that they violated his rights to due process, equal protection, freedom of speech and to be free from cruel and unusual punishment in 2007 and 2008 by either enforcing or refusing

///

to modify conditions of his release on parole which allegedly limited his ability to "live at [his] home due to Proposition 83." (Compl. at 3-5.)

Plaintiff's Complaint is subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915A(b)(1) because it appears to be duplicative of several cases previously filed in this court challenging the same parole conditions, against some of the same parole officials, and on the same grounds. *See Thornton v. Schwarzenegger, et al.*, S.D. Cal. Civil Case No. 10cv1583 RBB; *Thornton v. Cavalin, et al.*, S.D. Cal. Civil Case No. 11cv1484 IEG (POR); and *Thornton v. Cavalin, et al.,* S.D. Cal. Civil Case No. 11cv0108 BEN (CAB).  A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

"Res judicata, or claim preclusion prohibits lawsuits on 'any claims that were raised or could have been raised' in a prior action." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (citing *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). Moreover, a prisoner's complaint is considered frivolous under 28 U.S.C. § 1915A(b)(1) if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted). Because Plaintiff has either previously litigated or should have litigated the claims he attempts to pursue in this action which arise from the same set of operative facts pled in prior suits, the Court hereby **DISMISSES** this action as both issue precluded and frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)(1).  *See Cato*, 70 F.3d at 1105 n.2; *Resnick*, 213 F.3d at 446 n.1.

**III.  Conclusion and Order**

Good cause appearing, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2) is **GRANTED**.

2. The Secretary of the California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 filing fee owed in this

case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

4. Plaintiff's action is **DISMISSED** without leave to amend as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b); and

5. The Court **CERTIFIES** that no IFP appeal from this Order could be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk of Court shall close the file.

DATED: January 9, 2012

*[signature]*

Hon. Michael M. Anello
United States District Judge